Rueein, Judge.'
 

 .The first position of the judge of the Superior Court, that it was immaterial to inquire, whether the conveyance of
 
 Robert Wier
 
 to his son
 
 Joseph
 
 intended to defraud
 
 Robertson,
 
 since neither party claimed under him, is contrary to what I have always considered the law; and contrary to the authorities. I conceive, that a conveyance in fraud of one creditor is void as to all creditors. It is upon this foundation, that
 
 *15
 
 ■what aro called
 
 fishing
 
 bills are filed in Equity, to find out a creditor at tbe time of tbe conveyance, and to bring tbe whole fund into subjection to general creditors, including subsequent creditors, and n/oriion,other creditors at the time.
 
 (Lush
 
 v.
 
 Wilkinson, 5 Ves.
 
 384.
 
 Taylor v. Jones,
 
 2
 
 Atk.
 
 600.)
 

 ¡ífjnopcra! tive when offer-titlR^as^dl as when offered as title itself.
 

 under a cmli-iti'fcoSw'ofü-tie agakist the
 

 This court lias likewise the misfortune to differ from the court below upon the nest instruction given to the jury. The case of
 
 Peterson
 
 v.
 
 Williamson, (ante
 
 2,
 
 vol.
 
 326) and
 
 Pickett
 
 v. Pickett, decided at this term, establish, that the possession of a fraudulent, grantee does not bar a creditor under the statute of limitations. The title is void to all intents, and tbio extends to the deed, when operating as color of title, as well as when offered as ti-tie itself. It will enure under the statute, against the purc.haser under tbe creditor’s execution, but not before. For tliese reasons the judgment below must be reversed, unless tbe record shows 'that, at all events, the hath a better title, and must obtain a verdict upon a second trial.
 

 The counsel for the defendant, admitting’ that he could not support the charge of the court, has insisted here, that the defendant has thebetter right. He founds his argument on this state of facts: That the lessor of the plaintiff, altho’ lie purchased under
 
 John Wier’s
 
 execution against
 
 Robert kRer,
 
 in October 1822, obtained his deed on the 26th April 1827 ; and that
 
 Joseph P/ier
 
 being in possession, entered into recognizance to tbe state in. Apifil 1826, on which execution afterwards issued, under which the defendant purchased the 22d October, 1827, and took a sheriff’s deed in November following. It is insisted, in the first place, that the state, by force of the recognizance, is a purchaser from
 
 Joseph JFier,
 
 within our statute against fraudulcntconveyauces j and that the true construction of that statute, since the proviso is adopted from the 27
 
 Elia.
 
 hmtoad of 13
 
 Elia,
 
 is, that the first
 
 Iona file
 
 purchaser, whether from the grantor or grantee, has a good title; and also., that a like purchaser front
 
 *16
 
 tbe grantee is to be preferred to a creditor of the grantor. This last position is one? which retires to
 
 be
 
 established. by very clear reasoning? before it can be adopted. Where creditors are the peculiar objects of the protection
 

 The statute 13th
 
 .Elizabeth
 
 being' tect'avditors^á 5o;m./irfi'pm'cha-to dulentSendee," has no title a-tors of the ven-
 

 the 27th
 
 Elizabeth
 
 being benefit'of”' ur ^ie chasers,^he first up
 
 bona fidspm-cha.-
 
 ser,whetheriroin,. the fraudulent vendor or yen-dee, is witlumts operation,
 

 a statute, which makes an act done to their injury void as against them, it seems difficult to suppose, that any subsequent occurrences can set it up again, contrary the object and express words of the statute. Under tbe other statute, purchasers only are within the purview; and wherever a purchaser appeal's, whether from ™e grantor or grantee, there is a person tor whose be-ne^ s^a^° was designed, and can operate. In the case of creditors, those of the grantor alone are within ^ie Plu‘’™w' Has the act been ever construed, to set up a fraudulent conveyance for the benefit of the
 
 grantee'$ creditors ?
 
 Can it be ? If not, how does a
 
 purchaser from
 
 , , , , . ... ., , „
 
 him
 
 stand better ? The opposing decisions cited from
 
 Johnson's Reports,
 
 are entitled to much consideration,
 
 1 y
 
 and would be to much more, did they not conflict with each
 
 other. The. court
 
 would certainly pay very great great respect to the latest, as the- adjudication of the highest court, and weigh the reasons well, before adopting a contrary rule ; and would not proceed to decide this case against those cases, without discussing those reasons, if the decision depended upon the point, But we think it does not; because, admitting the state to be a purchaser, and that such a purchaser is within the proviso, yet here the creditor of the grantor had sold, and the lessor of the plaintiff purchased at his sale, before the state purchased. The sheriff’s sale under
 
 John’s
 
 .execution was in October, 1822, and the recognizance was in April, 1826.
 

 It is said however, that the title did not pass by the sheriff’s sale, but only by his deed, which ivas in April, 1827, after the
 
 recognizance;
 
 and therefore that the land remained the estate, in law, of
 
 Joseph,
 
 and was bound by the recognizance. The effect of a sheriff’s sale, and the relation of his deed to the sale,' have been considered by the court, in the cases of
 
 Davidson
 
 v.
 
 Frew
 
 and
 
 Pickett
 
 v.
 
 Pickett,
 
 decided at this term, as between individuals. In the former, the plaintiff claimed under
 
 *17
 
 execution against the husband, and the defendant by act of law as his widow'. In the lafter, the plaintiff claimed in like manner under execution against a fraudulent grantor, and the defendant was the fraudulent grantee himself. In botli it was held, that the deed, operating as the execution of a power, related back to the power itself. There has been an attempt to distinguish this case from those, by saying there is no relation against the sovereign ; and a string of cases cited to show, that the execution of the king is entitled to the first satisfaction, unless the debtor’s goods be actually sold under the subject’s process, before the sovereign’s is delivered. The court is not disposed to contest that, nor to lay the pub-lie here, under greater disadvantage, than is imposed the interest of the community represented by the crown, in England. But the question in this case is altogether different. The cases relied on, are those of
 
 the debtor
 
 to the crown and the subject; and
 
 no
 
 safe by latter, before the former sues execution. Both stances must concur, to give operation to the prerogative. The cases of
 
 Hex
 
 v.
 
 Wells
 
 (16
 
 East
 
 278) and
 
 Rex
 
 v.
 
 Sloper
 
 (6
 
 Price
 
 114) so lay down the rule. If the subject hath sold the goods of the king’s debtor, before the sovereign sues execution, the sale is not disturbed. It is no longer a question of preference of satisfaction
 
 ;
 
 for the goods have ceased to be the debtor’s for any purpose, But here the question is not one of relation, on which depends the right of prior satisfaction. But the question is, whose lands were these when the lien of the recognizance was created. If both parties claimed the lands under
 
 Joseph Wier,
 
 then the reasoning might apply. And it would then have to be determined, whether the sale by an individual of land, for which no sheriff’s deed was executed, would defeat, by a subsequent execution of the deed, the lien of an intermediate recognizance. Upon that, we will he ready to give an opinion when it arises ; for there seems not much difficulty in it. But in our case, the parties claim under different creditors, against
 
 different debtors.
 
 And to that case, the. doctrine of the prerogative does not extend. It is not ,a
 
 *18
 
 question of priority ; but simply one, for the creditors of which of two debtors is "the land a fund. When the Ies-sor of the plaintiff bought, his purchase was a good one, since the land was the. father’s for the purposes of his creditors. His ■ deed, as to all persons claiming under the father, relates to the sale. A stranger claiming under
 
 Joseph
 
 subsequently, has no interest in the question of its relation. The doctrine of relation does not con--cern him. He can only show, that the lands remained
 
 Joseph’s,
 
 to pay his debts. . And in that respect, the state and an individual stand on the same footing.
 

 
 *17
 
 A sheriff’s deed üiJexecutíon^of a power, andre-power itself
 

 There is no .■<, hitionag-ainstthe state, between executions in its fi-voi-aud that oí ferenoe, unless ¿tvebeen 1S deliv<a
 

 
 *18
 
 It-will he perceived, that the recognizance has been treated as creating* a lien
 
 ;.
 
 and that such lien continues, notwithstanding the process of
 
 ji. fa,
 
 on: it. The court is not obliged, in this case, to decide the effect of suing that execution ; but as the point was made, and it is of consequence that no doubt should he felt on it, the court feels it a duty to express a prompt opinion upon it. The specific lien of a recognizance is not lost by suing a notwithstanding the case of
 
 Jones
 
 v.
 
 Edmunds
 
 (3 Murp. 45) rules it so, as to judgments generally. The security of the public, and the ease of persons demanding to be let to ball, require it.' There has been no
 
 extent,
 
 sued -in this state within memory ; indeed none heard of; and without giving this effect to the ordinary process of execution, a recognizance would afford the state no assurance of the appearance of criminals.
 
 Burton
 
 v.
 
 Murphey
 
 (2
 
 Murp.
 
 339) is in point; and that case is founded on the previous one of the
 
 State
 
 v.
 
 Magniss'
 
 in 1794, (1
 
 Hay.
 
 99) which recognizes the rule as so understood, and generally received at that time; and id the stronger, because referring to what was said on the same subject, in the argument of
 
 Bell
 
 v.
 
 Hill
 
 (1
 
 Hay.
 
 87).
 

 No notice is taken of the title set up under
 
 Wilson’s
 
 executions ; because the title of the plaintiff is plain under
 
 John
 
 Wier’s, and the facts do not very clearly appear. The sale under
 
 Fulemvider’s
 
 is certainly bad ; because they were against
 
 Joseph
 
 himself, and posterior to his recognizance.
 

 Per Curiam — Judgment reversed.